UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BYRON MEADS** | : | **CIVIL ACTION NO. 2:13-cv-230** |
| | : | |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| | : | |
| **WARDEN AVOYELLES CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus under 28 U.S.C. §2254 filed by petitioner Byron Meads ("hereafter, Petitioner"). Petitioner in an inmate in the custody of the Louisiana Department of Public Safety and Corrections and he is incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana. Petitioner attacks his 2007 conviction and sentence for manslaughter and possession with intent to distribute cocaine imposed by the 14th Judicial District Court in and for Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I. BACKGROUND

Petitioner's original habeas application was deficient in several aspects. Therefore, this court issued an amend order instructing him to provide documentation in support of his claims. Doc. 7. Petitioner timely filed a response. Doc. 8.

A review of the pleadings and exhibits establishes the following relevant chronology:

- *February 15, 2007*: Petitioner was convicted in the 14th Judicial District Court. He was sentenced to 30 years at hard labor (without the benefit of probation, parole, or diminution of sentence for good behavior) on the manslaughter charge

- and to 10 years at hard labor for the cocaine charge. The court ordered the sentences to run concurrently;

- *August 27, 2007*:  Petitioner appealed his convictions and sentences to the Louisiana Third Circuit Court of Appeals. The sole claim for relief was that the trial court erred in denying him a hearing on his motion to suppress;

- *January 30, 2008*:  The Third Circuit affirmed the convictions but remanded to the trial court with instructions to amend the manslaughter sentence to delete the denial of parole eligibility. The trial court was also instructed to amend the minutes of the sentencing to reflect that it denied diminution of sentence for good behavior. *State v. Meads,* 2008 WL 2415959 (La. Ct. App. 3d 2008);

- *March 28, 2008:*  Plaintiff sought further review in the Louisiana Supreme Court;

- *October 10, 2008*: The Louisiana Supreme Court denied writs.  *State v. Meads*, 993 So.2d 1281 (La. 2008);

- *January 10, 2009*:  Petitioner's deadline expired for filing a writ of certiorari in the United States Supreme Court. Therefore, petitioner's conviction became final;

- *May 9, 2010*:  Petitioner filed an application for post-conviction relief in the 14th Judicial District Court;

- *December 15, 2010*: The 14th Judicial District Court denied petitioner's application;

- *February 15, 2011*:  Petitioner filed an application for writ of review with the Louisiana Third Circuit Court of Appeal;

-  *May 30, 2012*:  The Louisiana Third Circuit denied petitioner's application for review;

- *July 3, 2012*: Petitioner filed an application for writ of certiorari with the Louisiana Supreme Court;

- *November 2, 2012*:  The Louisiana Supreme Court denied petitioner's writ of certiorari. *State ex rel. Meads v. State*, 99 So.3d 668 (La. 11/12/12);

*See generally* doc. 8.

Petitioner filed the instant habeas corpus application on January 23, 2013.  Petitioner alleges three grounds for relief: (1) that his counsel provided ineffective assistance, (2) that the

trial court erred in not allowing an evidentiary hearing on his motion to suppress, and (3) that his guilty plea was involuntary.

Petitioner seeks to have this court vacate his guilty plea or in the alternative, reduce the manslaughter charge to negligent homicide, and remand for the imposition of sentence on the lesser charge or to vacate the conviction and sentence. Doc. 1, att. 2, p. 17.

## II. LAW AND ANALYSIS

Federal law imposes a one year limitations period within which persons who are in custody pursuant to the judgment of a state court, may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1)(A). This limitation period generally runs from the date that the conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one year limit. 28 U.S.C. § 2244(d)(2); *see also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one year limitation period. *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Petitioner appealed his conviction and sentence; thereafter, he sought direct review in the Louisiana Supreme Court. He did not seek further review by the United States Supreme Court. Thus, the direct appeal process ended on October 10, 2008, when the Louisiana Supreme Court denied writs. However, petitioner's judgment of conviction and sentence became final 90 days later on January 10, 2009, when the time limit expired for seeking review with the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(.A).

Accordingly, the limitations period began to run on January 10, 2009, and petitioner had one year from that date, or until January 10, 2010, to file a timely petition for habeas corpus in

federal court. Petitioner failed to do so, and therefore his application is time barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Petitioner cannot avail himself of statutory tolling pursuant to §2244(d)(2) because he filed his state-court application for post-conviction relief on May 9, 2010, and by that time, the limitations period had already expired and could not be revived. *See Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 197)).

### III. RECOMMENDATION

**IT IS RECOMMENDED** that petitioner's application for a writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified in 28 U.S.C. §2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this report and recommendation have 14 days from the date of its service of to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the District Judge.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F. 3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within 14 days from service of this report and recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See 28 U.S.C. § 2253(c)(2).* **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 10th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE